Filed 2/9/26  P. v. Williams CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B341733 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA053527) |
| v. | |
| NANSHON WILLIAMS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Michael Jesic, Judge.  Reversed and remanded.

Bess Stiffelman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, and Analee J. Brodie, Deputy Attorney General, for Plaintiff and Respondent.

Defendant and appellant Nanshon Williams (defendant) was convicted of second degree murder and assault with a firearm in 2008. He was sentenced to 47 years to life in prison. More recently, he filed a Penal Code section 1170, subdivision (d) petition for resentencing arguing he is eligible for resentencing as a juvenile offender serving the functional equivalent of a life without parole (LWOP) sentence.[1] The trial court denied his petition, believing he was categorically ineligible for resentencing because he did not receive an actual LWOP sentence and the 47 years to life sentence he did receive was not long enough to qualify as the functional equivalent of LWOP. Defendant appeals that determination, and the issue is one our Supreme Court is set to resolve in *People v. Munoz* (2025) 110 Cal.App.5th 499, review granted June 25, 2025, S290828. Acknowledging our Supreme Court will have the final word, we hold, having given defendant's circumstances individualized consideration, that defendant is eligible for resentencing because he is serving a sentence that constitutes the functional equivalent of LWOP.

Because the issue presented in this appeal will be definitively resolved by our Supreme Court, the explanation of the reasons for our holding can be brief. Defendant was 17 years old at the time he committed the crimes of conviction. This court's opinion resolving his direct appeal reveals defendant and the murder victim, 16-year-old D.R., were involved in a gang-related confrontation that led to an exchange of gunfire between them both—and D.R.'s death. A trial jury found defendant guilty of second degree murder and found true associated firearm and

---

[1] Undesignated statutory references that follow are to the Penal Code.

gang enhancements.  Defendant was also found guilty of assault with a firearm on D.R.'s older sister, who was present at the time of the shooting.  The aggregate sentence was 47 years to life in prison: 15 years to life for the murder, 25 years to life for the section 12022.53, subdivision (d) firearm enhancement, and seven years for the assault with a firearm conviction.

In 2024, defendant filed a resentencing petition pursuant to section 1170, subdivision (d)(1).[2]  In support thereof, and citing *People v. Heard* (2022) 83 Cal.App.5th 608 and *People v. Sorto* (2024) 104 Cal.App.5th 435, he maintained he was eligible for resentencing even though he was not given an LWOP sentence because he was serving a sentence that was the functional equivalent of LWOP and treating him as if he were ineligible for resentencing would accordingly violate equal protection principles.  Defendant additionally emphasized he had by that time served over 15 years in prison and he met section 1170, subdivision (d)(1)'s other criteria for granting resentencing relief (§ 1170, subd. (d)(2), (d)(5)-(6)) because he had engaged in "substantial programming in support of his rehabilitation and ha[d] earned his GED."

The trial court held a hearing on defendant's resentencing petition and heard argument from counsel, a substantial portion of which concerned the Supreme Court's decision in *People v. Contreras* (2018) 4 Cal.5th 349, 356, 369 (holding sentences of 50

---

[2]     The subdivision, in part, provides: "When a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to imprisonment for life without the possibility of parole has been incarcerated for at least 15 years, the defendant may submit to the sentencing court a petition for recall and resentencing."  (§ 1170, subd. (d)(1)(A).)

3

and 58 years to life imposed on two defendants who were 16 years old at the time of their kidnapping and sex offenses were "functionally equivalent to LWOP" and violated the Eighth Amendment). The trial court questioned how defendant could be considered to be serving the equivalent of an LWOP sentence when he was 17 years old at the time of the crime and would be 64 years old when eligible for release. Defense counsel, relying on *Contreras*, argued the question was not merely an actuarial one and the court must instead consider whether defendant's sentence provides "some reasonable possibility of a life outside of prison, of rehabilitation . . . because that is what we want for juveniles." The court, however, noted the substantial line drawing problems with such an approach ("I guess my problem is, is . . . where is the line drawn? Is it 40 years? Is it 35 years? Is it 30 years? Is it life expectancies of someone who's inside a prison?"). The court ruled it would deny defendant's petition, concluding: "The only thing that we can go on is . . . 50. That's the only number we know for sure because that's what the Supreme Court has held. And so . . . I don't find . . . defendant is eligible for relief pursuant to *Heard*."

We agree with *Heard* and *Sorto* that defendants who are serving the functional equivalent of LWOP, not just those serving an actual LWOP sentence, are eligible for section 1170, subdivision (d) relief. The trial court agreed with that too, and the Attorney General puts up little contrary argument.[3] The

---

[3] The Attorney General cites Court of Appeal cases holding the availability of parole can affect the LWOP functional equivalent analysis but does not argue we should follow those cases or hold defendant's parole eligibility precludes relief. Likely cognizant of his concession, in at least one prior appeal,

4

question therefore reduces to whether defendant can be said to be serving a sentence that is the functional equivalent of LWOP. While the trial court rightly identified the line drawing problems this question raises given the current state of the law, lines must still be drawn. They need not be drawn entirely in the abstract, however. Instead, guided by our consideration of defendant's history and prospects—and by our Supreme Court's observation that a sentence must give a juvenile "a realistic hope of release and a genuine opportunity to reintegrate into society" to be constitutional (*Contreras*, *supra*, 4 Cal.5th at 373)—we hold defendant is serving a sentence that is the functional equivalent of LWOP and among those who are not categorically ineligible for relief under section 1170, subdivision (d). We will therefore reverse the trial court's order and remand for further proceedings.

---

that eligibility for a youthful offender parole hearing does *not* preclude section 1170, subdivision (d) relief (see, e.g., *People v. Cabrera* (2025) 111 Cal.App.5th 650, 653), the Attorney General instead observes only that "even if this Court follows *Heard* and *Sorto* and ignores the youthful parole offender scheme that makes him eligible for parole at age 41, or his eligibility for elderly parole when he turns 50, [defendant] will be eligible for parole . . . at age 66, well within his expected lifespan."

## DISPOSITION

The trial court's order is reversed and the cause is remanded with directions to (1) provide defendant and the People an opportunity to submit additional evidence and argument if either so chooses, and (2) to proceed as required by section 1170, subdivisions (d)(5) through (d)(9) and (d)(11) if the court finds by a preponderance of the evidence that one or more of the statements specified in subparagraphs (A) to (D) of section 1170, subdivision (d)(2) is true.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, J.

I concur:

MOOR, J.

*People v. Nanshon Williams*, B341733

HOFFSTADT, P. J., Dissenting.

This case presents the following question:  Did our Legislature have a rational basis, under equal protection principles, to grant ameliorative relief under Penal Code section 1170, subdivision (d)(1) ("1170(d)(1)") to juveniles sentenced to life without the possibility of parole (LWOP) but to deny that relief to juveniles sentenced to a term of 44 years?  (*People v. Chatman* (2018) 4 Cal.5th 277, 288-289 [equal protection requires a "*rational* relationship between a disparity in treatment and some legitimate government purpose"].)

Our Supreme Court has acknowledged that LWOP is different in *kind* than a term of years because LWOP is "the most severe sentence of imprisonment" reserved for "cases of special circumstance murder and a small number of other offenses the law regards as particularly serious." (*People v. Hardin* (2024) 15 Cal.5th 834, 853.)  In *Hardin*, the court ruled that our Legislature can rationally deny ameliorative relief to juveniles sentenced to LWOP while extending it to juveniles sentenced to a term of years.  (*Id.* at pp. 839-840.)

This case—and the avalanche of cases of which it is a part of—present the converse question:  Can our Legislature rationally extend ameliorative relief to juveniles sentenced to LWOP while denying it to juveniles sentenced to a lengthy term of years?  Under settled equal protection principles, the answer would seem to be "yes," as those principles permit legislatures to address a problem one step at a time—and a concern about juvenile sentences being too long might rationally motivate a

legislature to start by addressing the sentences most likely to be the longest (that is, LWOP sentences).

To be sure, our Supreme Court in *People v. Contreras* (2018) 4 Cal.5th 349, 369, explicitly stated that "a sentence of 50 years to life is functionally equivalent to LWOP." Although *Contreras* came to this conclusion applying Eighth Amendment principles (*id.* at p. 373), and although our Supreme Court has held that these principles are different in kind than the rationality concerns animating equal protection principles (*People v. Williams* (2024) 17 Cal.5th 99, 133), *Contreras'*s language is, as I have noted, "inescapable" (*People v. Cabrera* (2025) 111 Cal.App.5th 650, 654 (conc. opn. of Hoffstadt, J.))—at least until our Supreme court revisits whether a 50 year sentence is the functional equivalent of an LWOP sentence under equal protection principles in *People v. Munoz,* review granted June 25, 2025, S290828.

In asking us to declare that our Legislature was constitutionally obligated to extend section 1170(d)(1) relief to juvenile sentences of 49, 48—or, in this case, 47—years, defendant is asking us to draw lines that go above and beyond the constitutional baseline of rationality. In my view, equal protection principles dictate that *those* lines be drawn by our Legislature, and not by the courts.

I accordingly dissent.


_____, P. J.
    HOFFSTADT

2